Cheryl Keller v. Schoharie County Department of Social Services, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 20th day of May, two thousand twenty one.

Present:     JON O. NEWMAN,
             GUIDO CALABRESI,
             ROSEMARY S. POOLER,
                   *Circuit Judges*.

_____

CHERYL KELLER,

                   *Plaintiff-Appellant*,

             v.                                                    20-1430-cv

SCHOHARIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
LANA BALDWIN, SANDY WOODS,

                   *Defendants-Appellees*.[1]

_____

Appearing for Appellant:     Vincent U. Uba, Albany, N.Y.

Appearing for Appellees:     Loraine C. Jelinek, Johnson & Laws, LLC, Clifton Park, N.Y.

Appeal from the United States District Court for the Northern District of New York (Scullin, *J.*).

---

[1] The Clerk of Court is directed to amend the caption as above

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment be and it hereby is **AFFIRMED**.

Cheryl Keller appeals from the March 30, 2020 judgment of the United States District Court for the Northern District of New York (Scullin, *J.*) dismissing her claims against the Schoharie County Department of Social Services ("SCDSS"), Lana Baldwin, and Sandy Woods and denying her leave to file an amended complaint. Keller appeals from the district court's dismissal of her claims under Section 1983, alleging that SCDSS, Baldwin, and Woods violated her constitutional right to intimate association with family and her right to privacy by interfering with her relationship with her then-minor daughter, C.K, and revealing her mental health issues to C.K. Keller also requests that we reverse the district court's determination that her pleadings failed to comply with Fed R. Civ. P. 8(a), and the district court's warning that future violations would result in sanctions against Keller's counsel. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The district court dismissed the original complaint and denied Keller leave to file her amended complaint. On appeal, Keller argues that her proposed amended complaint stated sufficient facts to survive a motion to dismiss but does not try to argue that the original complaint should be revived. We review the district court's decision to deny leave to amend for abuse of discretion. "Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend shall be freely given when justice so requires, it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (internal quotation marks and citations omitted). Here, the district court found that the proposed amendment was futile because it too could not survive a motion to dismiss. *Keller v. Schoharie Cnty. Dep't of Soc. Servs.*, No. 19-CV-662, 2020 WL 1493916, at *5 (N.D.N.Y. Mar. 27, 2020). A district court abuses its discretion when it denies leave to amend based on futility if an amendment would allow the complaint to survive. *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 50 (2d Cir.1991). Accordingly, we review whether the amended complaint states sufficient facts to survive a motion to dismiss.

The proposed amended complaint fails to state a claim for a violation of the right to intimate familial association. The Fourteenth Amendment guarantees a substantive right under the Due Process Clause to intimate familial association. *Patel v. Searles*, 305 F.3d 130, 135–36 (2d Cir. 2002). To state a claim for infringement of the right to familial association, a plaintiff must allege conduct "so shocking, arbitrary, and egregious that the Due Process Clause would not countenance it even were it accompanied by full procedural protection." *Anthony v. City of New York*, 339 F.3d 129, 143 (2d Cir. 2003) (internal quotation marks omitted). State action that is "incorrect or ill-advised" is insufficient to give rise to a substantive due process violation; rather, the action must be "conscience-shocking." *See Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 275 (2d Cir. 2011) (internal quotation marks omitted). A plaintiff must also allege "that state action was specifically intended to interfere with the family relationship." *See Gorman v. Rensselaer Cnty.*, 910 F.3d 40, 48 (2d Cir. 2018). While "parents enjoy a constitutionally protected interest in their family integrity, this interest is counterbalanced by the compelling governmental interest in the protection of minor children, particularly in circumstances where the protection is considered necessary as against the parents themselves." *Wilkinson ex rel. Wilkinson v. Russell*, 182 F.3d 89, 104 (2d Cir. 1999) (internal quotation marks omitted).

Accordingly, in the abuse context, we have "impose[d] few concrete restrictions on case workers, in exercising their discretion, short of [ignoring overwhelming exculpatory information or manufacturing false evidence]." *Id.*

The district court correctly found that Keller failed to plead that the SCDSS employees engaged in conduct sufficiently shocking, arbitrary, and egregious. Keller argues that Baldwin and Woods destroyed her relationship with her daughter by telling her that Keller has serious mental health issues and should be on medication but is not. This comment was unwise and inappropriate, but it does not rise to the level of ignoring overwhelming exculpatory information or manufacturing false evidence. *See Gorman*, 910 F.3d at 48 (holding that plaintiff's claim that defendant impaired the relationship between him and his sister "was at best the indirect and incidental result of [the defendant's] conduct."). Here, the estrangement between mother and daughter came after a years-long abusive relationship that resulted in multiple orders of protection against Keller. It is implausible to credit the breakdown in relationship to the comments of Woods and Baldwin where multiple instances of domestic violence by Keller against C.K. resulted in multiple lawful restraining orders and a no-contact order.

The remainder of Keller's allegations are improper attempts to relitigate the family court's decision by raising allegations of bias against her from appellees. Once a "court confirmation of the basis for removal is obtained, any liability for the continuation of the allegedly wrongful separation of parent and child can no longer be attributed to the officer who removed the child." *Southerland v. City of New York*, 680 F.3d 127, 153 (2d Cir. 2012) (citation and internal quotation marks omitted). Accordingly, Keller's attempt to allege liability based on allegedly improper conduct during the family court proceedings is foreclosed.

The proposed amended complaint also fails to state a claim for a violation of the right to privacy by disclosure of protected medical information. Individuals have a right to privacy protecting them from the disclosure of personal information. *Whalen v. Roe*, 429 U.S. 589, 598-600 (1977). This "right to confidentiality includes the right to protection regarding information about the state of one's health." *Doe v. City of New York*, 15 F.3d 264, 267 (2d Cir. 1994). "[I]nformation about a person's psychiatric health and substance-abuse history in particular, is information of the most intimate kind." *O'Connor v. Pierson*, 426 F.3d 187, 201 (2d Cir. 2005). As a cause of action for violation of the constitutional right to confidentiality of medical information is based in substantive due process, the disclosure must be so egregious that it shocks the conscience. *Id.* at 203.

Keller alleges that Baldwin and Woods unlawfully disclosed her medical information to C.K. by stating that she had mental issues and needed to take medicine but refused to do so. The district court correctly denied leave to replead this claim. First, the district court noted that there was no indication that any disclosure of actual medical information took place beyond an opinion statement regarding Baldwin's view of the plaintiff's mental state. On appeal, Keller argues for the first time that Baldwin and Woods had access to her medical records, and, therefore, C.K. would credit the assertion as a true statement of fact. The amended complaint contained no indication of Baldwin and Woods possessing such records, what these records disclosed, or what condition Keller suffered from. Instead, Keller asserts that this can all be inferred from the fact that the complaint referenced SCDSS ordering an evaluation of the family and SCDSS's role in

the provision of mental health services to Keller and C.K. None of these statements plead with particularity a medical condition, how Appellees learned of it, or why the district court could simply assume protected medical information was disclosed.

These absences are fatal to Keller's original or amended complaint. In *Matson v. Board of Education of City School District of New York,* we held that the balancing of a right to privacy with disclosure turned on the specific condition at issue, its characteristics, and the history of intolerance and social opprobrium associated with it. 631 F.3d 57, 65-69 (2d Cir. 2011). Absent any information on what condition Keller suffered from, who diagnosed it, and how it was disclosed, we cannot conduct this analysis. A generalized assertion of mental health issues may speak to serious conditions that require constitutional protections or it may speak to a generalized dislike of an individual's personality and character. Without an indication of what the condition is and how Appellees learned of it, this statement is plainly insufficient to suffice as a conscience shocking revelation of protected medical information.

Keller also requests we reverse the district court's warnings of potential future sanctions. A district court has the power to sanction an attorney for violating its orders and the federal rules. It is unclear if the warning in this case has any practical implications. In any event, there is no decision to review from the court's warning to this attorney.

We have considered the remainder of Keller's arguments and find them to be without merit. Accordingly, the district court's judgment hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4